IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DANIEL MERRILL,<br><br>    Plaintiff,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney,<br>General, U.S. Department of Justice,<br>FEDERAL BUREAU OF PRISONS,<br><br>    Defendants. | Case No. 4:23-cv-191 |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR FOR LEAVE TO AMEND COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, DANIEL MERRILL, Plaintiff Pro se ("Plaintiff"), respectfully asks this Honorable Court to amend the above referenced complaint or for leave to file this Amended Complaint. Through the Amended Complaint, Plaintiff seeks to add Case #1 (EEOC Case No. 430-2020-00368X) and Case #2 (EEOC Case No. 430-2021-00146X) both against the same Defendant as Final Agency Decisions (FAD) and Right to Sue letters have been issued in both cases.

I.  **The Parties to This Complaint**

    A.    **The Plaintiff:** Daniel Merrill, 104 Oxford Circle, Rincon, GA 31326. Phone Number: 570-878-8716; E-mail Address: danmerr422@aol.com.

    B.    **The Defendant:** Merrick B. Garland, Attorney General, 950 Pennsylvania Avenue NW. Washington DC 20530. Phone Number: 202-514-2000; Defendant's Representative E-mail Address: Woelke.Leithart@usdoj.gov

    C.    **Place of Employment:** FCI Estill, 100 Prison Rd, PO Box 699, Estill SC 29918.

Phone Number: 803-625-4607

**II.** **Basis for Jurisdiction:** This action is brought for discrimination in employment pursuant to:

**A.** Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17.

**B.** **Other federal law:** Retaliation under 5 U.S. Code § 2302 - Prohibited personnel practices.

**III.** **Statement of Claim**

**A.** **The discriminatory conduct of which I complain in this action includes:**

1. Failure to Promote me

2. Retaliation

3. **Other**: Assault, False Imprisonment, And Kidnapping

**B.** **It is my best recollection that the alleged discriminatory acts occurred on date(s):** 2/9/18; 3/23/18; 4/26/18; 6/1/18; 6/4/18; 7/11/18; 02/15/19; 3/28/19; 4/4/19; 5/20/19; 5/21/19; 5/28/19; 5/30/19; 7/9/19; 7/10/19; 7/19/19; 8/1/19; 8/12/19; 8/21/19; 8/28/19; 9/4/19; 4/30/20; 6/10/20; 8/4/20; 8/11/20; 8/13/20; 8/28/20; 9/24/20; 10/23/20; 3/15/21; 4/12/21; 4/19/21; 9/16/21; 9/21/21; 9/22/21; 9/29/21; 10/1/21; 10/4/21; and 10/8/21.

**C.** **I believe that defendant:** is still committing these acts against me.

**D.** **Defendant(s) discriminated against me based on my:**

1. **Race:** White

2. **Gender:** Male

3. Reprisal

E. **The facts of my case are as follows:**

1. On/about February 9, 2018, Lt. Wiggins stated to Plaintiff, "I'm Acting Captain, not you. You are nobody now. I don't care what you have been delegated by the Captain (R. Gillard), per AW Crickard you don't sign anything anymore."

2. On/about March 23, 2018 as Acting Captain: Lt. Wiggins ordered Plaintiff to violate policy when delivering incident reports to inmates.

3. On April 26, 2018, as Acting Captain: Lt. Wiggins mandated Plaintiff to work overtime and split/changed the days off to place on the shift instead of the next LT.

4. On June 1, 2018, as Acting Captain: Lt. Wiggins ordered Plaintiff to violate policy/procedures when hiring overtime.

5. On June 4, 2018, as Acting Captain: Lt. Wiggins prevented Plaintiff from obtaining EEO counseling.

6. On July 11, 2018, Lt. Wiggins stated, "That Lt. Merrill was taken care of by the last captain (Clark/White male), and now it's my turn (Captain R. Gillard is Black)." Lt. Wiggins admitted he did not like Plaintiff because he is White. AW Crickard then stated, "I see nothing wrong with what LT. Wiggins is saying. You (Plaintiff) are not acting like an adult. You (Plaintiff) will drop this case immediately (the EEO case), and never take complaints outside of the institution."

7. On July 11, 2018, Plaintiff was forced/ordered to e-mail the G. Casstevens (EEO Counselor) dropping the case with a CC to AW Crickard as proof.

8. On or About February 15, 2019, AW Crickard informed Plaintiff of the top recommendation for Case Manager, but selected someone else.

Documentation revealed Plaintiff was not even in the top 4.

9. On March 28, 2019, Plaintiff was ordered by AW Crickard to pay back all overtime earned as the Computer Services Manager in violation of policy.

10. On April 4, 2019, Plaintiff asked Warden Mackelburg to keep the overtime entitled too, and he said no in violation of policy and removed Plaintiff as the Computer Services Manager.

11. On April 4, 2019, Warden Mackelburg asked why Lt. Wiggins and Plaintiff do not get along, and Plaintiff explained that Wiggins does not like because Plaintiff is White and that AW Crickard ordered me to drop an EEO claim previously. AW Crickard was present and verified this statement.

12. On May 30, 2019, I received a counseling letter from Captain Wiggins for failing to report a "security breach" that Plaintiff reported.

13. On May 30, 2019, Plaintiff notified AW Crickard that Captain Wiggins issued the counseling letter in #12, and Crickard made a photo copy.

14. On June 19, 2019, Plaintiff submitted an EEO complaint.

15. On July 9, 2019, Acting Captain Wiggins changed Plaintiff's schedule from 8am-4pm with F/Sa off to 4pm-12am with Th/Fr off.

16. On July 9, 2019, Plaintiff was injured at work and was ordered by AW Crickard to go to the hospital, and was relieved by Acting Captain Wiggins.

17. On July 10, 2019, Plaintiff filed an OWCP Injury claim and selected AW Crickard as the supervisor per instruction from Human Resources.

18. On/About July 15, 2019, AW Crickard refused to sign off on the OWCP Injury Claim resulting in OWCP denying Plaintiff's claim.

19.  On/About July 19, 2019, RD J. Keller selected Comm Tech N. Velez for Computer Services Manager instead of Plaintiff when he was not on the "Best Qualified" list of candidates for the position.

20  On/About August 12, 2019, although still a computer services alternate Plaintiff was removed from the "Computer Services" GroupWise mailbox, and administrator privileges/access removed.

21.  On August 21, 2019, Plaintiff was ordered by Capt. Hobbs to be "tucked in and fully dressed" when entering the front lobby. No one else was/has been instructed to do so.

22.  On/About September 4, 2019, Warden Mackelburg reported to work and toured the institution in jeans and an un-tucked T-Shirt but Plaintiff has to be in "full uniform."

23.  On November 15, 2019, Plaintiff was roster adjusted, then denied sick leave and ordered to attend LT training when other LTs were granted sick leave.

24.  On November 17, 2019, Plaintiff was ordered to remove the retirement eligible date from the e-mail signature when other staff could continue using.

25.  On January 15, 2020, Plaintiff was not selected for the position of Correctional Treatment Specialist (Case Manager) again.

26.  On April 30, 2020, Plaintiff was not selected for a demotion to the position of GL-08 Senior Officer Specialist.

27.  On/About April 30, 2020, Plaintiff was not selected as Temporary Duty (TDY) Lieutenant at FCI Jesup, GA despite having seniority over Lieutenant chosen.

28. On/About June 10, 2020, Plaintiff was not selected as TDY for deployment to USP Atlanta, GA or FCC Yazoo City, MS despite volunteering.

29. On August 6, 2020, Plaintiff received a counseling letter for not issuing performance log entries in a timely manner when they were.

30. On August 11, 2020, Plaintiff was physically assaulted by AW Crickard once while driving the commuter van in the morning and once in the evening.

31. On August 13, 2020, Plaintiff was threatened at work with physical violence (run over with by a Bus and impaled with a sword) by Warden Knight if failing to complete performance log entries in a timely manner.

32. On August 28, 2020, Warden Knight did not recuse himself as the settlement official even though a party to this case.

33. On September 24, 2020, Plaintiff was physically assaulted by RD Jeff A. Keller in Estill, SC.

34. On October 23, 2020, the Agency Representative's Kathleen Karne retaliated against Plaintiff for reporting her to the Maryland State Bar.

35. On/About March 15, 2021, Plaintiff was removed from as an alternate Computer Services Manager but continued to ask to fix computers.

36. On April 12, 2021, Plaintiff was physically assaulted by AW Crickard in Rincon, GA.

37. On April 19, 2021, Plaintiff was issued a Cease-and-Desist Letter.

38. On September 16, 2021, Plaintiff became aware of being referred for investigation from reporting the physical assault referenced in #36.

39. On September 21, 2021, Plaintiff was blocked from leaving the conference room.

40. On September 22, 2021, Management had Plaintiff involuntarily committed to a mental health facility in St. Simons Island, GA.

41. On September 29, 2021, Plaintiff was removed from attending Self Defense Instructor training.

42. On October 1, 2021, Plaintiff was placed on a Temporary Job Modification, and Management mandated Plaintiff see a psychologist. This letter was rescinded due to errors but re-issued.

43. On October 4, 2021, Plaintiff was notified of placement on the "No Shoot List."

44. On October 8, 2021, Plaintiff's request to change sick leave to Administrative Leave was denied. Further Requests for Administrative leave was also denied.

IV. **Exhaustion of Federal Administrative Remedies**

A. **It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on:**

   1. **Case 1**: On or About June 19. 2019
   2. **Case 2**: On or About September 15, 2019
   3. **Case 3**: On or About April 26, 2021

B. **The Equal Employment Opportunity Commission:** issued a Notice of Right to Sue letter, which I received on (date)

  1. **Case 1**: On or About November 6, 2023

  2. **Case 2**: On or About November 2, 2023

  3. **Case 3**: On April 20, 2023

**C.** **Only litigants alleging age discrimination must answer this question:** N/A

**V.** **Relief:** $4.282,000 in compensatory, general, and punitive damages; Specific performance.

 **A.** **Lost Salary/Extras:** $182,000. Amount Plaintiff has/will lose for not being selected for promotions. Salary, pension contributions, TSP contributions, interest, etc. $2,200,000 in damages for loss income as an attorney if no longer eligible to take bar exam due to involuntary commitment. Punitive damages in the amount of $1,000,000.

 **B.** $900,000 for defamation, intentional infliction of emotional distress, Assault/Battery, retaliation, false imprisonment, and kidnapping.

 **C.** All primary staff involved be referred to OIG/OIA, the U.S. Attorney's Office, and/or applicable states for any/all crimes committed including but not limited to: 18 U.S. Code § 111, b) 18 U.S. Code § 1505, 18 U.S. Code § 1621, 18 U.S. Code § 120, S.C. Code §16-3-600(E), and O.C.G.A. 16-5-20.

 **D.** Restoration of up to 80 hours of Sick Leave used when denied Admin Leave under DOJ Order 1630.1B, Leave Administration (7/22/91).

 **E.** Any past/future Agency actions against Lt. Merrill (OIA Cases) be permanently removed from my record as these are deemed retaliatory and have no merit.

**VI.** **Demand for Jury Trial:** Plaintiff hereby demands a jury trial on all issues raised in the Complaint.

**VII.** **Certification and Closing**: I, Daniel Merrill by signing on January 29, 2024, below as Plaintiff Pro Se, hereby certify to the best of my knowledge, information, and belief that this complaint complies with the requirements of FRCP Rule 11.

                                              DANIEL MERRILL
                                              PLAINTIFF, PRO SE

                                              */s/ Daniel Merrill*
                                              Daniel Merrill
                                              104 Oxford Circle
                                              Rincon, GA 31326
                                              Telephone: 570-878-8716
                                              E-mail: Danmerr422@aol.com

## CERTIFICATE OF SERVICE

I, Daniel Merrill, hereby certify that, on January 29, 2024, I sent a copy of the foregoing Motion and certificate of service to the following parties by the method indicated:

**U.S. District Court for the Southern District of Georgia, Savannah Division**
The Honorable R. Stan Baker, U.S. District Judge

Delivered:
United States District Court
District Court Clerk's Office
8 Southern Oaks Ct.
Savannah, Georgia 31405

**Defendant's Representative**
O. Woelke Leithart, AUSA

Via Email: Woelke.Leithart@usdoj.gov

_____
Daniel Merrill, Plaintiff Pro Se