IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Daniel Merrill,<br><br>       Plaintiff,<br>  v.<br><br>Pam Bondi, *Attorney General, U.S. Department of Justice*; and Federal Bureau of Prisons,<br><br>       Defendants. | C/A: 9:24-cv-526-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 82) of the Magistrate Judge recommending that the Court grant Defendants' motion for summary judgment (Dkt. No. 72). For the reasons set forth below, the Court adopts the R&R as the order of the Court and grants Defendants' motion for summary judgment.

**I.     Background and Relevant Facts**

Plaintiff is employed by the Bureau of Prisons and sued Defendants alleging employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964. (Dkt. No. 82 at 1). Plaintiff is a white male and filed at least three EEO complaints. (*Id.* at 3-5). Plaintiff alleges Defendants retaliated against him for his EEO complaints. (*Id.* at 6-39). Plaintiff also brings a race discrimination claim related to his first EEO complaint as well as a hostile work environment claim. (*Id.* at 41-45); (*Id.* at 45-49).

Defendants moved for summary judgment. (Dkt. No. 72). Plaintiff filed a response in opposition to which Defendants filed a reply. (Dkt. Nos. 77, 80).

On December 31, 2025, in a detailed, 52-page R&R, the Magistrate Judge explained why Defendants were entitled to summary judgment on all of Plaintiff's claims. (Dkt. No. 82).

On January 14, 2026, Plaintiff filed objections to the R&R. (Dkt. No. 83). Defendants filed a reply to Plaintiff's objections. (Dkt. No. 86).

## II.     Legal Standards

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth

with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

**III.    Discussion**

After a de novo review of the record and the R&R, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Defendants are entitled to summary judgment on Plaintiff's claims.  The Court therefore adopts the R&R in full as the Order of the Court. While Plaintiff's objections are lengthy, they are generally nonspecific, lacking citation to specific portions of either the R&R or the record.  The Court addresses a few of Plaintiff's most substantial objections by way of example.

In the R&R, over roughly 33-pages, (Dkt. No. 82 at 6-39), the Magistrate Judge detailed why Plaintiff's various retaliation claims failed.  The Magistrate Judge addressed, for example, Plaintiff's July 10, 2019, retaliation allegation.

Plaintiff alleged that AW Crickard refused to sign an Office of Workers' Compensation Programs ("OWCP") injury claim form for Plaintiff.  Plaintiff alleged that AW Crickard's refusal to sign was retaliation for prior protected activity. (Dkt. No. 82 at 12-15).  The Magistrate Judge recommended granting Defendants summary judgment on this claim.

The R&R noted Plaintiff had alleged he was injured at work the previous day and ordered to go to the hospital. (*Id.* at 13).  Plaintiff filled out the OWCP injury claim form indicating he had a panic attack, but AW Crickard refused to sign because he did not agree about how Plaintiff's injury happened. (*Id.*).  In his deposition, Plaintiff testified it was later determined that Plaintiff had a hernia and had not suffered a panic attack. Plaintiff Deposition, (Dkt. No. 72-1 at 43-44);

(Dkt. No. 82 at 14) (describing denial of Plaintiff's claim because medical evidence OWCP received did not support claim of a panic attack).

The R&R then concluded that Plaintiff had failed to present evidence of retaliation related to this incident. (*Id.* at 15). It noted Plaintiff had not adduced evidence from which a reasonable jury could conclude AW Crickard's refusal to sign Plaintiff's form was a materially adverse action, nor had Plaintiff produced evidence from which a reasonable jury could find that Plaintiff's OWCP claim would have been granted "but for" retaliatory animus against Plaintiff for prior protected activity.  Put slightly differently, even reading all facts in a light most favorably to Plaintiff, no reasonable jury could find retaliation under the circumstances because the medical and record evidence showed Plaintiff's injury was caused by a hernia, which was not what he reported on the form he submitted. *See Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 252 (4th Cir. 2015) ("In order to carry this burden, a plaintiff must establish 'both that the [employer's] reason was false and that [retaliation] was the real reason for the challenged conduct.' ").

In objecting to this analysis, Plaintiff has no convincing argument. (Dkt. No. 83 at 8). Plaintiff does not dispute that he had a hernia.  (*Id.*).  Rather, Plaintiff argues that there was "retaliation because there were two other individuals who had on the job injuries that were signed off by AW Crickard." (*Id.*).  Plaintiff further argues that because AW Crickard had previously told Plaintiff sometime around July 11, 2018, to never file an EEO complaint again, this "fact" likewise showed Defendants retaliated against him by refusing to sign the OWCP claim form. (*Id.*).

The Court overrules Plaintiff's objection.  In addition to lacking citation to the record, Plaintiff's objections ignore the crux of the R&R's analysis, namely that Plaintiff cannot establish a casual connection between any protected activity and the asserted adverse action because, as noted, even reading all facts in a light most favorably to him, the undisputed evidence showed

Plaintiff's injury was caused by a hernia, which was not what he reported on the form he submitted. At bottom, beyond speculation, Plaintiff puts forth no evidence from which a reasonable jury could find pretext. Thus, the R&R correctly recommended granting summary judgment on this claim.

By way of additional example, Plaintiff objects to the R&R's analysis related to the August 6, 2020, incident. At this time, Plaintiff alleges he received verbal counseling for not "issuing performance log entries in a timely manner." (Dkt. No. 82 at 25). Plaintiff argues his deadline to complete evaluations should have been extended because he was "TDY (i.e., not at the institution) and that the evaluations were signed within the timeframes." (*Id.*).

The R&R recommended granting Defendants summary judgment on this retaliation claim. (*Id.* at 26). It stated that even assuming Plaintiff had established a prima facie case of retaliation based on this counseling letter, Plaintiff had not produced evidence to show pretext. (*Id.* at 25-26) (noting three other lieutenants and Captain Hobbs were issued letters of counseling for failing to complete performance log entries on staff). Or put differently, "Plaintiff has not produced evidence from which a reasonable jury could find that the reason articulated for the letter was not the real reason for issuing [the] counseling letter or that but for retaliatory animus against Plaintiff . . . the counseling letter would not have been issued." (*Id.*).

In objecting to this finding, Plaintiff states that his deadlines should have been extended because he was not at the institution. (Dkt. No. 83 at 12). But this does not change the fact Plaintiff admitted he did not timely submit log entries, that Defendants stated they issued the counseling letter to him for the same, or that, beyond conjecture, Plaintiff offers no evidence to show Defendants' stated reason was pretextual. *See Sempowich v. Tactile Sys. Tech., Inc.*, 19 F.4th 643, 652 (4th Cir. 2021) ("[T]o show pretext, a plaintiff may show that an employer's proffered nondiscriminatory reasons for the termination are inconsistent over time, false, or based on

mistakes of fact."); *Id.* (question of material fact of pretext existed where plaintiff "introduced a good deal of evidence" defendant's "explanations for its decisions were false or inconsistent over time." Namely, "the fact that [defendant] replaced [Plaintiff] with Seeling is certainly evidence of pretext . . . because a jury might well conclude it unlikely that an employer who reassigned an employee solely because it believed that she performed poorly would replace her with an employee whose performance it *consistently rated as worse.*"); *see also Hawkins v. PepsiCo*, 203 F.3d 274, 280 (4th Cir. 2000) (noting "[i]t is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff").

In sum, the R&R thoroughly addressed why Defendnats are entitled to summary judgment on the entirety of Plaintiff's claims.  And, as noted above, Plaintiff's objections present no convincing, evidence-based reasons grounded in the case law as to why specific portions of the R&R are erroneous.  *See, e.g.*, (Dkt. No. 82 at 46-49) (explaining that, in relation to hostile work environment claim, Plaintiff did not respond to Defendants' argument that he had not presented evidence from which a reasonable jury could conclude alleged harassment was based on Plaintiff's race and further noting Plaintiff had not put forth objective evidence of severe and pervasive hostile work environment); (Dkt. No. 83 at 17) (objecting but failing to address specifically either Plaintiff's failure to respond to Defendants' summary judgment arguments or plaintiff's lack of objective evidence for hostile work environment claim).  Accordingly, the Court overrules Plaintiff's objections.

## IV.     Conclusion

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 82) as the Order of the Court and **GRANTS** Defendants' motion for summary judgment (Dkt. No. 72).

**AND IT IS SO ORDERED.**

-7-

                                        <u>Richard Mark Gergel</u>
                                        United States District Judge

February 5, 2026
Charleston, South Carolina